UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20681-CIV-GAYLES/TURNOFF

SOUTHEAST PROPERTY
ACQUISITIONS, LLC,

    Plaintiff,
vs.

MICHAEL SANCHEZ,
UNKNOWN NON-TENANT
OCCUPANT (possibly known as Chrisnel Simon)
ALL OTHERS IN POSSESSION,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on a *sua sponte* review of the record.  Defendant Chrisnel Simon ("Simon") has removed this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  [ECF No. 1].  The Court has carefully reviewed the record and applicable law and finds that removal was improper.

On February 12, 2016, Plaintiff Southeast Property Acquisitions, LLC, ("Plaintiff") filed this action in Florida circuit court, setting forth claims for eviction, forcible entry and detention, ejectment from real estate, and damages.  Plaintiff alleges that it is the rightful owner of a property (the "Premises") that Defendants Michael Sanchez and unknown non-tenants, possibly including Simon, refuse to vacate.  Simon, appearing pro se, removed the action, asserting the Court has federal question jurisdiction based on the Treaty of Morocco, the "Baby Act," the United States Constitution, and the Florida Constitution.[1]  [ECF No. 1].  Simon filed several

---

[1] The Treaty of Morocco was "one of 'Peace and Friendship' between the sovereign states of Morocco and the United States, and it provides that subjects or citizens of each country will be held safe by the other, as well as a protocol for any confrontations that might arise between the

documents in support of removal, including documents which purport to establish that Chrisnel El Bey is the trustee of Simon, that Simon is a citizen of a foreign state (although what state is unclear), and that Simon had a lien on the Premises prior to a foreclosure and Plaintiff's later acquisition of it.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a).

"[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Therefore, a "district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington–Fayette Urban Cnty. Gov't Civil Service Comm'n v. Overstreet,* 115 F. App'x. 813, 816–17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)).

---

two countries while at sea, during trade or battle." *See Bank of Am., N.A. v. Derisme,* No. CV090045835, 2010 WL 626498, at *2 (Conn.Super.Ct. Jan. 21, 2010) (citation omitted). The "Baby Act," dating from the late nineteenth century, refers to "the act of asserting a person's infancy as a defense to a contract claim." *Baby Act, Pleading the*, Black's Law Dictionary (10th ed. 2014).

Upon review of Plaintiff's Complaint and Simon's filings, it is clear that remand is appropriate. Simon has not set forth, nor can the Court find, a proper basis for federal subject matter jurisdiction over Plaintiff's claims. Simon's assertion that the Treaty of Morocco and the Baby Act establish jurisdiction is without merit. *See El v. O'Brien*, No. 12-cv-01793, 2012 WL 2367096 at *3 (E.D.N.Y. June 20, 2012) ("The 1836 treaty between the United States and Morocco simply has no relevance to Plaintiff's or Defendant's rights or obligation with respect to a mortgage on a property located in this state."). In addition, Simon fails to establish how the United States Constitution or the Florida Constitution provide a basis for this Court to have jurisdiction over an eviction proceeding.[2]

Plaintiff seeks to remove Simon and the other Defendants from the Premises. This is an issue of state, not federal law. Therefore, there is no federal question jurisdiction, despite any defenses Defendant may be asserting. *See Citimortgage, Inc. v. Dhinoja*, 705 F.Supp.2d 1378, 1381 (N.D. Ga. 2010) ("If a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense."); *see also Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.") (citation omitted).

Accordingly, removal was improper because the Court lacks subject matter jurisdiction. For the foregoing reasons, it is

---

[2] Simon does not assert that this Court has diversity jurisdiction over Plaintiff's claims. However, even if he had, Simon has not established the requisite amount in controversy. *See* 28 U.S.C. § 1332(a).

**ORDERED AND ADJUDGED** that this case is hereby **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The Clerk of Court is directed to **CLOSE** this case.  All pending motions in this matter are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE